WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Weisman, et al., | No. CV-15-00657-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Capital One NA, | |
| Defendant. | |

Pending before the Court is Defendant Capital One NA's Motion to Dismiss Plaintiffs Steven and Elizabeth Weisman's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 24.) For the following reasons, the Defendant's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiffs owned real property in Scottsdale, Arizona ("Property"). FAC ¶ 6. Defendant is the mortgagee on the Property. FAC ¶ 7. Plaintiffs filed for bankruptcy on May 6, 2011, and the case closed on February 14, 2013. FAC ¶¶ 8–9. In September 2012, during the adjudication of Plaintiffs' bankruptcy case, they applied to Defendant for a loan modification. FAC ¶ 10. On November 5, 2012, Defendant approved Plaintiffs for a "trial period for loan modification." FAC ¶ 21. During a November 7, 2012 phone call with Galen Hines, Defendant's employee, Mr. Hines explained the details of the trial loan modification, including that the Plaintiffs' owed $3047 a month. FAC ¶ 23. Plaintiffs began remitting that amount to Defendant. FAC ¶¶ 26–28.

On February 13, 2013, Defendant approved Plaintiffs' final loan modification application. FAC ¶ 29, Ex. 1. On May 30, 2013, in light of a lower appraisal value on the Property, Plaintiffs requested a principal reduction on their loan. FAC ¶ 35, Ex. 3. Plaintiffs received a letter on June 17, 2013 notifying them of a reduction in their monthly payments due to an interest rate reduction. FAC ¶ 36, Ex. 4. Plaintiffs started remitting reduced payments as a result. FAC ¶ 53. In July 2013, Defendant requested that Plaintiffs execute and return their final loan modification documents. FAC ¶ 41. At the time, Plaintiffs were engaged in efforts to settle with their second mortgagee on the Property, after which Plaintiffs informed Defendant they would send the executed final loan modification documents. FAC ¶¶ 42, 43. Plaintiffs submitted the executed final loan modification documents in August 2013; yet, Defendant did not accept the executed documents and instead notified Plaintiffs that they needed to submit a new loan modification application. FAC ¶¶ 46, 47. On September 11, 2013, Defendant denied Plaintiffs' loan modification application, informed Plaintiffs that their monthly payments were short of the amount they owed, and that their loan was now in default. FAC ¶¶ 50–52. After learning of the default, Plaintiffs began remitting higher monthly payments to make up the difference. FAC ¶ 54.

On September 27, 2013, Plaintiffs submitted a new loan modification application. FAC ¶ 56. Defendant rejected Plaintiffs' application because Plaintiffs held too much money in their personal and business bank accounts. FAC ¶¶ 58, 60. Plaintiffs allege that they did not in fact possess the funds Defendant relied upon in rejecting their application. FAC ¶ 59, 61. Plaintiffs' attorneys informed Defendant that error caused it to reject Plaintiffs' application. FAC ¶ 70, Ex. 8. Plaintiffs then submitted a third loan modification application in March 2014. FAC ¶ 73. In June 2014, Defendant denied Plaintiffs third application for failure to meet income criteria. FAC ¶¶ 85, Ex. 9, 86. Plaintiffs then entered a fourth application for loan modification that Defendant denied for incompleteness. FAC ¶¶ 93, 100. On January 6, 2014, Plaintiffs discussed paying off the past due loan balance with Defendant and requested an accounting of those balances.

FAC ¶ 107. Defendant provided an Account Activity Statement History covering 2013 to 2015. FAC ¶ 111. Plaintiffs, however, wanted an itemized list of past due amounts, which Defendant never provided. FAC ¶¶ 112, 113. Defendant did supply an Amended Escrow Disclosure Statement. FAC ¶ 114, Ex. 10. In an alleged phone call with Defendant, Plaintiffs accepted an offer of a $9440.41 refund, which they never received. FAC ¶¶ 116–119. Defendant eventually provided the Deed of Trust on the Property and an account history statement. FAC ¶ 120. Although Plaintiffs received numerous notices of default, FAC ¶¶ 52, 55, 57, 66, 69, 78, 102, Plaintiffs remitted monthly payments to Defendant since December 2012. FAC ¶ 121.

## DISCUSSION

### I. Legal Standard

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than a mere possibility of misconduct. *Id.*

## II. Analysis

### A. Law of the Case Doctrine

Plaintiffs incorrectly invoke the law of the case doctrine and argue that the Court's previous Order (Doc. 21) granting Plaintiffs' motion for leave to amend prohibits Defendant from moving to dismiss claims 4 (breach of contract), 5 (negligent/intentional misrepresentation), and 6 (RESPA) of the FAC. The Order itself specifically reserved Defendant's right to attack the factual basis of Plaintiffs' FAC pursuant to Rule 12(b)(6). (Doc. 21 at 6 ("Plaintiffs should be granted leave to amend, after which the factual basis of the amended complaint could then be attacked by Defendants under Rule 12(b) or Rule 56. *Hernandez v. Maricopa Cnty. Super. Ct.*, 108 Ariz. 422, 501 P.2d 6 (1972).") Moreover, the Court's Order did not decide Plaintiffs' claims beyond whether they should be permitted to add them to their complaint. *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 2011 WL 1253250, at *11 (D. Ariz. Mar. 31, 2011) ("[T]he law of the case does not apply to issues or claims that were not actually decided.") (internal quotation marks omitted) (citation omitted). The law of the case doctrine does not preclude the Court from considering Defendant's motion to dismiss.

### B. Breach of Contract

To state a plausible claim for breach of contract, Plaintiffs must allege "the existence of a contract, the terms of the contract that Defendant has breached, and the damages suffered from that breach." *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1183 (D. Ariz. 2012). Plaintiffs FAC alleges that "Plaintiffs are the owners of real property[,]" Defendant "is the mortgagee on the Property[,]" and that "Plaintiffs and [Defendant] entered into a contract pursuant to which [Defendant] provided a loan to Plaintiffs for the purchase of the Property." FAC ¶¶ 6, 7, 149. Presuming the truth of Plaintiffs' allegations, these facts support the existence of a contract.

Plaintiffs' allegation of breach states that Defendant charged Plaintiffs "in excess of the amounts authorized by the contract and failed to property (sic) apply payments

made by the Plaintiffs." FAC ¶150. According to Plaintiffs FAC, they received a letter in June 2013 reducing their monthly mortgage payments. FAC ¶ 36. Pursuant to that letter, Plaintiffs paid $40 less per month. FAC ¶ 53. Yet, in September 2013, Defendant informed Plaintiffs that their monthly payments were short and that their mortgage loan was in default. FAC ¶¶ 51, 55. Accordingly, assuming the veracity of Plaintiffs' allegations and construing them in light most favorable to Plaintiffs, the FAC plausibly sets forth facts that the Defendant sought payment amounts greater than the amount agreed upon by the parties in breach of their loan agreement.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

"The law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986) (en banc). The covenant arises as a duty that "neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* Plaintiffs allege that Defendant owed them a duty of good faith and fair dealing pursuant to the parties' loan agreement and Deed of Trust, and Defendant violated that duty by: (1) failing to negotiate the modification of Plaintiffs' loan agreement; (2) denying Plaintiffs' application for loan modification in violation of Defendant's policies; and (3) refusing to provide Plaintiffs an accounting of the outstanding loan. FAC ¶¶ 132, 133, 134.

Plaintiffs fail to allege that the loan agreement, through which the purported covenant of good faith and fair dealing arises, ever contemplated loan modification as a benefit of the contract. Thus, absent factual allegations that the underlying agreement envisioned loan modification as a benefit, Defendant could not have breached a duty of good faith and fair dealing on that subject because it owed Plaintiffs no duty to negotiate their loan modification requests. *See id.*; *Hunter v. CitiMortgage, Inc. et al.*, 2011 WL 4625973, at *3 (D. Ariz. Oct. 5, 2011) ("Plaintiffs have not pled the existence of a separate enforceable contract to negotiate for a loan modification in good faith, and thus any claims alleging a violation of good faith and fair dealing arising from the loan modification negotiations fail."). Further, Plaintiffs' conclusory factual allegation that

1  Defendant violated its "internal policies" by denying Plaintiffs' loan modification
2  application fails the test for plausibility since the Court need not assume its truth and the
3  Plaintiffs fail to provide any other factual support for the claim beyond that single
4  contention. *See Iqbal*, 566 U.S. at 678 ("The principle that a court accepts as true all of
5  the allegations in a complaint does not apply to legal conclusions . . . .").

6  Plaintiffs do allege, however, a plausible claim that the Defendant's failure to
7  provide an accounting breached its duty of good faith and fair dealing. Plaintiffs cite to
8  the Deed of Trust as setting forth an obligation for Defendant to provide Plaintiffs an
9  accounting at certain times. FAC ¶¶ 112, 120; (Doc. 26 at 5, Ex. A.) Defendant argues
10 that the "FAC fails to identify any implied duty in the mortgage to provide Plaintiffs with
11 more than what they have received." (Doc. 24 at 13.) Defendant's argument incorrectly
12 presumes the adequacy of the documentation Plaintiffs have already received. Plaintiffs
13 contend that Defendant refused to supply them with a complete breakdown of their loan
14 as contemplated by the Deed of Trust. FAC ¶ 107, 134. Because the allegations are
15 assumed true on a motion to dismiss, Plaintiffs adequately allege a claim here.[1]

### D. Temporary Injunctive Relief

Plaintiffs seek temporary injunctive relief to enjoin Defendant from foreclosing on Plaintiffs' property. FAC ¶ 140. Plaintiffs must establish, however, that they would "likely succeed on the merits," and be "likely to suffer irreparable harm in the absence of preliminary relief[.]" *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). At this point at least, Plaintiffs fail to allege irreparable harm since their claim relies on only the possibility that someday Defendant may be "permitted to foreclose on the Property . . . ." FAC ¶ 142. A hypothetical foreclosure does not meet the standard for injunctive relief.

---

[1] In light of the Court's ruling that Plaintiffs state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs also state a justiciable controversy under A.R.S. § 12-1831, et al. since Defendant refuses to provide Plaintiffs the "accounting" they plausibly allege they are owed pursuant to the Deed of Trust. *See Keggi v. Northbrook Prop. & Cas. Ins. Co.*, 199 Ariz. 43, 45, 13 P.3d 785, 787 (Ariz. Ct. App. 2000) ("Under the declaratory judgments act a justiciable controversy exists if there is 'an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party.'") (citation omitted).

- 6 -

*See Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) ("An injunction will not issue if the person . . . seeking injunctive relief shows a mere possibility of some remove future injury, or a conjectural or hypothetical injury.") (citation omitted). Moreover, Plaintiffs do not submit in conjunction with their response to the motion sufficient admissible evidence for the Court to conclude that they are likely to prevail on the merits. For these reasons the remedy is denied as being premature, at least at this time.

### E.  Negligent/Intentional Misrepresentation

Defendant argues that Plaintiffs' claims for negligent and intentional misrepresentation fail to meet the particularity requirements of Rule 9(b). A party alleging fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet the standard, Plaintiffs' FAC "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1402 (9th Cir. 1986); *Vess v. Ciba-Ceigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (A complaint of fraud must specify "the who, what, when, where, and how" of the alleged misconduct.).

Rule 9(b)'s pleading standard applies equally to intentional and negligent misrepresentation claims. *Gould v. Marshall & Isley Bank*, 860 F. Supp. 2d 985, 988 n.2 (D. Ariz. 2012); *Sweeney v. Darricarrere*, 2009 WL 2132696, at *12 n.109 (D. Ariz. July 14, 2009) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.") (internal quotation marks omitted) (citation omitted).

Plaintiffs allege that Defendant misrepresented that it approved Plaintiffs for a trial loan modification period and, as a result, reduced Plaintiffs' monthly payments. FAC ¶¶ 23, 36. Plaintiffs contend that Galen Hines, Defendant's employee, falsely confirmed during a November 7, 2012 phone call that Plaintiffs were to pay $3047 a month. FAC ¶¶ 22, 23. Plaintiffs relied on that representation and remitted payments equal to that

amount for a number of months. FAC ¶¶ 26–28. On February 13, 2013, Defendant allegedly approved Plaintiffs for a final loan modification. FAC ¶ 29, Ex. 1. On June 17, 2013, Plaintiffs received a letter from Defendant misrepresenting a reduction in their monthly payment amount. FAC ¶ 36, Ex. 4. In reliance on that misrepresentation, Plaintiffs allege that they began paying $40 less per month. FAC ¶ 53. Then on September 11, 2013, Defendant notified Plaintiffs for the first time that their loan was in default because their monthly payments were less than they actually owed. FAC ¶¶ 50, Ex. 5, 51, 52. In response, Plaintiffs began making inflated payments to Defendant in an attempt to cover the difference. FAC ¶ 54. Plaintiffs also generally alleged that Defendant intended to provide Plaintiffs false information. FAC ¶ 156; *see* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Accordingly, Plaintiffs' allegations provide the "who, what, where, when and how" of Defendant's contended misrepresentation as to Plaintiffs' loan payments. As such, because Plaintiffs' FAC meets the particularity standard, and Rule 9(b) applies equally to both negligent and intentional misrepresentation, Defendant's motion to dismiss is denied as to both claims on this ground.

### F. Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)

Plaintiffs allege Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and other state and/or federal laws by failing to respond to Plaintiffs' inquiries about their loan. RESPA requires, upon the receipt of a qualified written request ("QWR"), "the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (*citing* § 2605(e)(1)(A), (e)(2)). While Plaintiffs allege they made multiple requests for information from Defendant related to how it calculated their monthly loan payments, *see* FAC ¶¶ 107, 125, 160, Plaintiffs fail to allege or attach to their FAC any letter or other writing that could constitute a QWR under RESPA.

Plaintiffs argue that Exhibit 3 to their FAC meets the QWR criteria.[2] The letter seeks a principal reduction, or some other remedy, from Defendant in order for Plaintiffs to stay in their home. The letter does not seek information from Defendant nor does it assert error in the servicing of the loan. Rather, the letter attempts to change the terms of the loan by reducing the loan's principal amount. The Ninth Circuit is clear that such a letter does not constitute a QWR. *See Medrano*, 704 F.3d at 667. As such, Defendant's motion to dismiss is granted as to Plaintiffs' RESPA claim.[3]

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss.[4] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 24) is **GRANTED** in part and **DENIED** in part.

Dated this 12th day of February, 2016.

_____
Honorable G. Murray Snow
United States District Judge

---

[2] Plaintiffs also cite to and attach a February 15, 2015 letter in their opposition brief. "[A] district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The FAC does not cite to or attach the letter; therefore, the Court does not consider it in its analysis.

[3] Plaintiffs FAC also makes vague allegations that "[Defendant] violated state and/or federal laws and regulations, including, but not limited to" RESPA. FAC ¶ 160. Plaintiffs cannot allege placeholder claims that they hope to amend later. Plaintiffs' sixth cause of action, therefore, is limited to RESPA and is fully dismissed.

[4] Defendant moves to dismiss all of Plaintiffs' requests for attorney's fees. There is no basis for doing so at this juncture.